Citation Nr: 1438753 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 07-32 346 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for a left foot disorder, to include as due to mustard gas and asbestos exposure.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Barstow, Counsel



INTRODUCTION

The Veteran had active military service from January 1973 to September 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision of the VA Regional Office (RO) in Muskogee, Oklahoma. Due to the location of the Veteran's residence, jurisdiction of his appeal is with the RO in Indianapolis, Indiana. 

The case was remanded in January 2014 to obtain additional treatment records and to afford the Veteran a VA examination. As discussed below, another remand is necessary.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Regrettably, another remand is necessary. A VA examination was requested in January 2014; the request indicates that it was being processed through the Puget Sound Health Care System in Washington State. A supplemental statement of the case (SSOC) issued in June 2014 shows that the Veteran failed to report for the VA examination in April 2014; however, there is no confirmation regarding the Veteran's failure to report in the claims file from the VA health care facility where the examination was scheduled. The evidence also shows that the Veteran reported for an examination in Indiana for a different disability in March 2014. 

In light of the Veteran living in Indiana, the fact that he did report for a different VA examination in Indiana, and considering that the examination request was being processed in a different state, the Board finds that a remand is necessary to obtain a copy of the letter scheduling the Veteran for his examination as well as confirmation from the VA health care facility that he failed to report. 

Accordingly, the case is REMANDED for the following action:

1. Obtain a copy of the letter scheduling the Veteran for a VA examination in April 2014 as well as confirmation from the VA healthcare facility in which the examination was scheduled that the Veteran failed to report for the examination. 

2. Schedule the Veteran for an appropriate VA examination to determine the nature, extent, and etiology of any diagnosed left foot disorder. His claims file, including a copy of this remand, must be made available to the examiner for review in connection with the examination. All indicated tests should be conducted, and the reports of any such studies should be incorporated into the examination report to be associated with the claims file.

The examiner is requested to obtain a detailed history of the Veteran's symptoms as observed by him and others since service, review the record, and offer an opinion as to whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of approximately 50 percent), or less likely than not (i.e., probability less than 50 percent) that any diagnosed left foot disorder is related to his military service. The examiner should address the Veteran's reports of in-service left foot problems. 

A complete rationale should be given for all opinions and conclusions expressed. If the examiner must resort to speculation to render the requested opinion, he/she must state what reasons, with specificity, that this question is outside the scope of a medical professional conversant in VA practices.

3. Ensure that the examination report complies with (answer the questions posed in) this Remand. If any report is insufficient, it should be returned to the examiner for corrective action, as appropriate.

4. Then, readjudicate the issue remaining on appeal. If any benefit remains denied, the Veteran and his representative should be provided a supplemental statement of the case and given an appropriate opportunity to respond. The case should then be returned to the Board for further consideration.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
MILO H. HAWLEY 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).